IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JENGGI KALUOM, Individually, and on behalf of those similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. G-04-609 |
| STOLT OFFSHORE, INC., et al., | § § § | |
| Defendants. | § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This case arises out of alleged violations of the Fair Labor Standards Act ("FLSA") and the maritime penalty wage statutes, codified at 46 U.S.C. §§ 10313 and 10504 (hereinafter "the penalty wage statutes"). Plaintiff, a Malaysian national employed by a Malaysian crewing company and assigned to work on a foreign vessel, claims that he was not paid the full amount of wages to which he was entitled under the FLSA within the time period established by the penalty wage statutes. Plaintiff claims that he was denied federal minimum wage and/or overtime wages due to him under the FLSA, and now seeks damages for unpaid amounts under the penalty wage statutes. Defendant Stolt Offshore, Inc. ("Stolt") filed its Motion for Summary Judgment on the applicability of the wage penalty statutes and the FLSA. For the reasons stated below, Stolt's Motion for Summary Judgment is **GRANTED**, and Plaintiff's claims against Stolt are hereby **DISMISSED WITH PREJUDICE**.[1]

---

[1]The Court does not consider this Order worthy of publication. Accordingly, it has not and requested and does not authorize publication.

## I. Background

Plaintiff Jenggi Kaluom ("Plaintiff") claims that he was not paid the full amount of wages owed to him in 2002, and he now seeks to recover double-wage penalties under the penalty wage statutes. Plaintiff is a Malaysian national. At the time of the events giving rise to this lawsuit, Plaintiff was employed by a Malaysian crewing company, PPSB.[2] He was assigned to work on the DLB 801, a foreign vessel documented under foreign laws, on a subsea pipeline installation project in the Gulf of Mexico. Originally, Plaintiff was employed as a rigger, and later he worked as a PFM operator. He was assigned to the DLB 801 from September 18, 2002 to November 27, 2002.

At some point in November 2002, Plaintiff was involved in an accident and was subsequently transported from the DBL 801 to a hospital in Galveston, Texas. The vessel continued its operations in the Gulf of Mexico. At the time of the events giving rise to this lawsuit, the DLB 801 was owned by Class 3 Shipping Limited, a Bermuda corporation, and it was documented under the laws of Panama. The vessel was operated by Stolt Offshore Shipping, Inc., a Panamanian corporation, under a bareboat charter agreement. Stolt is a Louisiana corporation with its principal place of business in the Southern District of Texas.

Plaintiff brought this lawsuit on October 21, 2004, asserting causes of action under 46 U.S.C. § 10313, which governs voyages between a port in the United States and a foreign port ("foreign voyage") or a port of the United States on the Atlantic Ocean and a port of the United States on the Pacific Ocean ("intercoastal voyage"), and alternatively under 46 U.S.C. § 10504, the wage penalty statute that governs voyages between a port in one state and a port in another non-adjoining state ("coastwise voyage"). Plaintiff claims that Stolt failed to pay all or the balance of his wages owed

---

[2]His employer is not a party to this lawsuit.

-2-

when due, and seeks damages of double wages for each day that the payment is or was delayed under the applicable wage penalty statues. Plaintiff's pay was based on the standard Malaysian rate. Plaintiff claims that this is less than the current United States minimum wage.

Plaintiff's claims rest on the theory that he is entitled to the federal minimum wage under 29 U.S.C. § 206, and overtime pay for hours worked over 40 hours per week under 29 U.S.C. § 207. He claims that the balance of his wages that were not paid in accordance with the wage penalty statutes is the difference between his wages under his employment contract with PPSB and the federal minimum wage and/or the difference between overtime wages under his employment contract and the overtime wages owed under the FLSA. However, Plaintiff's actual claims only allege violations of the penalty wage statutes, not violations of the FLSA.[3]

Stolt moves for summary judgment on two grounds, one of which concerns the wage penalty statute and the other which concerns the applicability of the FLSA. After thoughtful consideration of Stolt's Motion, Plaintiff's Response thereto, the relevant evidence, and applicable law, the Court concludes that Stolt's Motion for Summary Judgment is hereby **GRANTED**.

## II. Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1956). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a

---

[3] There is other pending litigation in this Court by Plaintiff against Stolt for violations of the FLSA. *See Case No. 3:05-cv-00642*, *Jenggi Kaluom v. Stolt Offshore, Inc.*, filed November 28, 2005.

genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. The non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The court must view all evidence in the light most favorable to the non-movant. *See, e.g., Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003), *cert. denied* 539 U.S. 915, 123 S. Ct. 2276, 156 L. Ed. 2d 130 (2003).

If the evidence would permit a reasonable fact finder to find in favor of the non-moving party, summary judgment should not be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252, 106 S. Ct. 2512. Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See id.* at 255, 106 S. Ct. at 2513.

### III. Applicability of the Wage Penalty Provisions

Plaintiff has made two claims against Stolt. Plaintiff's first cause of action is brought under 46 U.S.C. § 10313, for failure to pay all or the balance of wages when due on a foreign or intercoastal voyage. Plaintiff's second cause of action is brought under 46 U.S.C. § 10504, for failure to pay all or the balance of wages when due on a coastwise voyage. Both statutes are available to seamen serving on "a foreign vessel when in harbor of the United States." 46 U.S.C. §§ 10313(i), 10504(e).

The purpose of the wage penalty provisions is to protect seamen from unscrupulous actions by employers such as an arbitrary refusal to pay, and to induce prompt payment. *See Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 572, 102 S. Ct. 3245, 3250, 73 L. Ed. 2d 973 (1982) (citing *Collie v. Ferguson*, 281 U.S. 52, 50 S. Ct. 189, 74 L. Ed. 696 (1930)); *Castillo v. Spiliada Maritime*

*Corp.*, 937 F.2d 240, 243 (5th Cir. 1991); *Fanos v. Maersk Line, Ltd.*, 246 F. Supp. 2d 676, 680 (S.D. Tex. 2003). Under 46 U.S.C. § 10313(f), the master or owner of a vessel must pay each seaman the balance of wages due within 24 hours after the cargo has been discharged or within four days after the seaman is discharged, whichever is earlier. Under 46 U.S.C. § 10504(b), the master must pay each seaman within two days after the termination of the shipping agreement or when the seaman is discharged, whichever is earlier. If the master or owner fails to pay "without sufficient cause," he is required to pay the seaman 2 days' wages for each day that payment is delayed. 46 U.S.C. §§ 10313(g), 10504(c).

Stolt claims that the provision applying the wage penalty statute to seamen on foreign vessels when in harbors of the United States cannot be read in isolation of the other statutory requirements. *See* 46 U.S.C. §§ 10301, 10313, 10501, 10504. That is, the seaman must still be on a foreign vessel engaged in a foreign, intercoastal, or coastwise voyage as defined by the statutes. Plaintiff argues that the statute applies once a foreign vessel is in a harbor of the United States, regardless of the type of voyage that the vessel is engaged in. The Court finds that the statutes support Stolt's interpretation.

The DLB 801 was engaged in a pipeline installation project in the Gulf of Mexico during the period of Kaluom's assignment. The vessel's originating port was in Fourchon, Louisiana, and there is no evidence that the ship went to any other port, nor is there any evidence that it engaged in a foreign, intercoastal or coastwise voyage. A foreign or intercoastal voyage is defined as "a voyage [of an American vessel] between a port in the United States and a port in a foreign country." 46 U.S.C. § 10301. A coastwise voyage is defined as "a voyage between a port in one state and a port in another state (except an adjoining state)." 46 U.S.C. § 10501. The requirement of a foreign, intercoastal or coastwise voyage is a prerequisite to the application of the penalty wage provisions. *See* 46 U.S.C. § 10301, 10501. If a ship is not engaged in one of the specified voyages, the penalty

wage provisions do not protect the seamen on those vessels. A plain reading of the statute compels this result, and to read the statute in any other way would be erroneous.

In this case, the DLB 801 was not engaged in a foreign, intercoastal or coastwise voyage. There is no evidence that the DLB 801 went to any port other than its originating port in Fourchon, Louisiana when it was not performing its operations in the Gulf of Mexico on the Outer Continental Shelf. The fact that Plaintiff ended up at a hospital in Galveston, Texas does not change this result. First, travel from a port in Louisiana to a port in Texas does not qualify as a coastwise voyage because Louisiana and Texas are adjoining states. *See* 46 U.S.C. § 10501. Second, the DLB 801 did not go to Galveston, Texas, but remained in the Gulf after Plaintiff was transported back to shore to receive treatment for his injuries. Since the DLB 801 was not engaged in a foreign, intercoastal, or coastwise voyage, Plaintiff does not meet the statutory prerequisites for application of the penalty wage statutes.[4]

## V. Conclusions

Stolt has shown that Plaintiff cannot meet the requirements for application of the penalty wage statutes as a matter of law, and that there are no disputed issues of fact. Plaintiff's causes of action under the wage penalty statutes fail as a matter of law. For these reasons and those provided above, Stolt's Motion for Summary Judgment is respectfully **GRANTED**, and Plaintiff's claims against Stolt are **DISMISSED WITH PREJUDICE**. Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date. A Final Judgment will be issued contemporaneously with this Order.

---

[4]This Order renders no opinion as to the applicability of the FLSA's minimum wage and overtime provisions to Plaintiff. In this matter, Plaintiff's only claims arise under the wage penalty statutes, not the FLSA.

**IT IS SO ORDERED**.

**DONE** this 6th day of February, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge